**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4595**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JONATHAN MAURICE LAMB,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:11-cr-00235-BO-1)

Submitted:  April 29, 2014                Decided:  May 6, 2014

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Maurice Lamb pleaded guilty to making a false statement to a licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1) (2012). The district court sentenced Lamb to five years of probation in February 2013. Lamb subsequently pleaded guilty to violating the terms of his probation and the district court sentenced Lamb to sixty months of imprisonment. Lamb has appealed, arguing that the variant sentence imposed upon him is procedurally and substantively unreasonable because the district court improperly considered his need for educational or vocational training while incarcerated. Finding no error, we affirm.

Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). "[W]e review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if we determine that a

2

sentence is procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

"[18 U.S.C.] Section 3582(a) [(2012)] precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2391 (2011); see also United States v. Bennett, 698 F.3d 194, 197-98 (4th Cir. 2012) (court may not consider need for rehabilitation in imposing revocation sentence). Here, Lamb "did not object at the revocation hearing on the grounds asserted here," and we therefore review this issue for plain error. Bennett, 698 F.3d at 199. To establish plain error, Lamb must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Id. at 200 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). We have thoroughly reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid in the decisional process.

AFFIRMED